**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

BIANCA LACE MERRITT-WILSON,

      Plaintiff,

v.

      Case No. 26-CV-00393-SPM

NEW AMERICAN FUNDING, LLC,
et al.,

      Defendants.

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on a Motion for Leave to Proceed *in forma pauperis* ("IFP") filed by *pro se* Plaintiff Bianca Lace Merritt-Wilson. (Doc. 3). Because the Court concludes that it lacks subject matter jurisdiction over this action, Plaintiff's Motion is **DENIED** and this case is **DISMISSED without prejudice**.

### RELEVANT FACUTAL AND PROCEDURAL BACKGROUND

This action arises from a state-court foreclosure concerning Plaintiff's residential property located at 1321 Lebanon Avenue in Belleville, Illinois. (Doc. 2, pp. 1–2). Plaintiff's Complaint spans nearly thirty pages and describes a lengthy and contentious history between Plaintiff and the various Defendants involved in the origination, servicing, and foreclosure of her mortgage loan. (Doc. 2). For purposes of this Section 1915(e)(2) review, the Court takes "all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff." *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013)

According to the Complaint, beginning in or about March 2024, Plaintiff encountered substantial difficulties obtaining accurate information from her loan service provider, New American Funding, LLC. ("NAF") (Doc. 2, pp. 7–10). She sent multiple Qualified Written Requests, Requests for Information, Notices of Error, and related correspondence to NAF and other Defendants seeking information about the identity of the creditor, the chain of title, the loan balance, escrow accounting, and the application of payments. (*Id.*, pp. 8–10). Plaintiff alleges that Defendants failed to provide complete or consistent responses and that this prevented her from understanding the true status of her loan. (*Id.*, pp. 8–12).

In August 2024, Plaintiff made a substantial payment of approximately $4,300.00, which she believed was sufficient to bring the principal and interest current. (*Id.*, p. 14). She also instructed Defendants to apply available escrow surplus toward any remaining arrears. (*Id.*, pp. 14–15). Instead, Defendants applied the payment as periodic installments, continued to treat the loan as delinquent, and refused to apply escrow surplus funds that she requested be used to cure the default. (*Id.*, p. 15). Subsequently, a state-court foreclosure action was filed and proceeded to judgment. Plaintiff acknowledges that the state court entered an Order of Foreclosure and later an Order Confirming Sale and Order for Possession. (Doc. 4, p. 2). She also acknowledges that she has appealed the foreclosure judgment in state court and that the appeal remains pending. (Doc. 2, p. 3).

In this federal action, Plaintiff asserts claims under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601–2617 ("RESPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"), the Truth in Lending Act, 15

U.S.C. §§ 1601–1667f ("TILA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq ("ICFA"), and common law negligence alleging that Defendants' servicing conduct, notice practices, and handling of escrow and payments were unlawful and directly interfered with her ability to cure the loan. (Doc. 2). In her Emergency Motion for Temporary Restraining Order, she asks this Court to prevent eviction, prevent transfer of the property, and preserve her possession of the home while this case is litigated. (Doc. 4, pp. 1–2). Although Plaintiff repeatedly asserts that she is not seeking review of the foreclosure judgment, the factual allegations and requested relief demonstrate that the injuries she identifies flow directly from that judgment.

## LEGAL STANDARD

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). When assessing a motion to proceed IFP, a district court should inquire into the merits of the plaintiff's claims, and if the court finds that the complaint fails to state a claim, it should deny leave to proceed IFP. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). The analysis of a complaint pursuant to Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 468 (7th Cir. 2017), which requires the Court to determine whether the complaint contains "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, this Court has an independent duty to ensure that it has subject matter jurisdiction to hear cases brought before it. *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994). The Supreme Court has long instructed that "federal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). In other words, this Court cannot hear this action if it lacks subject matter jurisdiction, established through diversity citizenship of the parties under 28 U.S.C. § 1332 or pursuant to a federal question under 28 U.S.C. § 1331. Plaintiff has the burden to prove that subject matter jurisdiction exists. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

## DISCUSSION

In her Complaint, Plaintiff seeks damages related to purported violations of RESPA, FDCPA, TILA, ICFA, and common law negligence principles. (Doc. 2). Critically, all the alleged violations arise from Plaintiff's dealings with various Defendants during the months preceding the foreclosure of Plaintiff's home in Belleville, Illinois.

The *Rooker-Feldman* doctrine prohibits parties from challenging state court decisions in federal district or circuit courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Durgins v. City of East St. Louis*, 272 F.3d 837, 843 (7th Cir. 2001). Instead, parties must seek relief via the cognizant state appellate court infrastructure and may only seek a writ of certiorari from the Supreme Court once a final determination has been made by the state's court of last resort. *See Durgins*, 272 F.3d 837, 841. The doctrine applies when the plaintiff's alleged injury arises from the state court's judgment itself and applies not only to the claims raised in state court but also to any claims inextricably intertwined with those claims. *See Manley v. City of Chicago*, 236 F.3d 392, 396 (7th Cir. 2001). Most importantly, parties cannot side-step application of the doctrine by using a federal civil rights claim to challenge the decision of a state court. *See id.* at 397–98. When the *Rooker-Feldman* doctrine applies, dismissing the suit for lack of subject-matter jurisdiction is required. *Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004)

Plaintiff's claims fall squarely within the scope of the *Rooker-Feldman* doctrine as applied by the Seventh Circuit in foreclosure-related cases. In *GASH Associates v. Village of Rosemont*, the Seventh Circuit held that a plaintiff who lost property in a foreclosure sale could not pursue a federal claim alleging that the foreclosure was improper because the injury flowed directly from the state-court judgment. 995 F.2d 726 (7th Cir. 1993). The court explained that the plaintiff "did not suffer an injury out of court and then fail to get relief from state court; its injury came from the judgment confirming the sale." *Id.* at 729. Because the alleged harm was the

foreclosure itself, any federal claim seeking to undo or compensate for that harm was, in substance, an impermissible appeal of the state-court judgment. *Id.*

District courts in this Circuit have applied the same reasoning in the mortgage context. In *Byrd v. Homecomings Financial Network*, the U.S. District Court for the Northern District of Illinois considered a borrower's attempt to challenge a state-court foreclosure judgment by alleging federal statutory violations and seeking to prevent the loss of her home. 407 F. Supp. 2d 937 (N.D. Ill. 2005). Although the plaintiff framed her claims as seeking damages under RESPA, FDCPA, and TILA, the court observed that the only injury she identified was the foreclosure itself—not any independent harm caused by the alleged statutory violations. *Id.* at 943. The court concluded that the plaintiff's injury "came from the judgment confirming the sale" and that her federal claims were either direct attacks on, or inextricably intertwined with, the state-court foreclosure judgment. *Id.* Because granting relief would require the federal court to effectively review and overturn the state-court judgment, the court held that *Rooker-Feldman* barred jurisdiction. *Id.* at 944.

The same logic applies here. Plaintiff alleges that Defendants mishandled servicing, failed to provide accurate information, misapplied payments, refused to apply escrow surplus, and pursued foreclosure despite unresolved disputes and pending loss-mitigation efforts. (Doc. 2, pp. 8–9). She contends that these actions prevented her from curing the loan and led to the foreclosure of her home. (*Id.*, p. 9). She further asks this Court to prevent eviction, preserve her possession, and effectively halt the consequences of the state-court foreclosure and confirmation of sale. (Doc. 4, pp. 1–2). As in *GASH* and *Byrd*, the *only* injury Plaintiff identifies is the

loss of her property through foreclosure and the resulting threat of eviction. This injury flows directly from the state-court judgment confirming the foreclosure sale and issuing an order of possession.

Although Plaintiff frames her claims under RESPA, FDCPA, TILA, ICFA, and common law negligence, the relief she seeks would require this Court to declare that the foreclosure was improper or that the state-court judgment should not be given effect. Under Seventh Circuit precedent, a plaintiff cannot avoid *Rooker-Feldman* by repackaging a challenge to a state-court judgment as a federal statutory claim. *See Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 534 (7th Cir. 2004); *Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336–37 (7th Cir. 2005); *Ritter v. Ross*, 992 F.2d 750, 754–55 (7th Cir. 1993). Here, as in those cases, Plaintiff's alleged injuries and requested remedies are "inextricably intertwined" with the state-court foreclosure judgment. *Manley*, 236 F.3d at 396.

Plaintiff emphasizes that she has a pending appeal in state court and that she does not ask this Court to "review, reverse, or modify" the foreclosure judgment. (Doc. 2, p. 3; Doc. 4, p. 1). But the Court must look to the substance of the claims and the relief sought, not the labels Plaintiff attaches to them. *See GASH*, 995 F.2d at 728–29. Substantively, Plaintiff asks this Court to prevent eviction, preserve her possession, and grant relief that would undermine or nullify the effect of the state-court foreclosure and confirmation of sale. (Doc. 4, pp. 1–2). That is precisely what *Rooker-Feldman* forbids. While Plaintiff also seeks statutory and actual damages, the facts underlying those damages claims are the same facts she raised— or could have raised—in the state foreclosure proceedings. *See Taylor*, 374 F.3d at

533 ("if the plaintiff could have raised the issue in state court proceedings, the claim is barred under the *Rooker-Feldman* doctrine."). Since the alleged injuries stem entirely from the foreclosure judgment and its consequences, the damages theories function as a collateral attack on that judgment and are therefore barred by *Rooker-Feldman*.

Because Plaintiff's claims are precluded by *Rooker-Feldman*, the Court lacks subject matter jurisdiction. *Frederiksen*, 384 F.3d at 439. Accordingly, it cannot reach the merits of Plaintiff's claims, her request for emergency injunctive relief, or the sufficiency of her allegations under Section 1915(e)(2). The only appropriate course is dismissal for want of jurisdiction, which must be without prejudice. *Kowalski v. Boliker*, 893 F.3d 987, 994–95 (7th Cir. 2018) ("a dismissal for want of subject-matter jurisdiction is necessarily without prejudice because it does not preclude pursuit of the action in a different forum."). The Court need not provide Plaintiff Merritt-Wilson with leave to amend her pleadings in accordance with Federal Rule of Civil Procedure 15(a)(2) because the defect here is jurisdictional, not a matter of pleading, and no amendment could cure the deficiencies identified in this Order. *See Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (explaining that although amendment is discretionary, it should be denied when it would be futile).

## CONCLUSION

Therefore, Plaintiff Bianca Lace Merritt-Wilson's Motion for Leave to Proceed *in forma pauperis* is **DENIED** and this case is **DISMISSED without prejudice**. All other pending matters are hereby **DENIED as moot**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:  April 9, 2026**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**